UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | No. **2:25 mj-00677** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **JAMES DARREL KASSER,** | : | **GOVERNMENT'S MOTION TO** |
| | : | **DISMISS CRIMINAL COMPLAINT** |
| Defendant. | : | |

_____

Pursuant to the provisions of Rule 48(a) of the Federal Rules of Criminal Procedure, plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Southern District of Ohio, hereby moves to dismiss the Criminal Complaint without prejudice against Defendant in this matter. This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such evidence or argument as may be presented at any hearing on this matter.

Respectfully submitted,

DOMINICK S. GERACE II
United States Attorney

/s/ *Sheila G. Lafferty*
SHEILA G. LAFFERTY (0042554)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 469-5715
Sheila.lafferty@usdoj.gov

## MEMORANDUM OF POINTS AND AUTHORITIES

A Criminal Complaint and Arrest Warrant was filed in the Southern District of Ohio on December 5, 2025, against Defendant James Darrel Kasser ("Kasser").  The Criminal Complaint charged Kasser with escape by a prisoner in custody, in violation of 18 U.S.C. § 751(a). On December 15, 2025, the United States Marshals Services arrested Kasser on this charge, and he was returned to custody.

Federal Rule of Criminal Procedure 48(a) provides that "the government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). "Separation-of-powers concerns generally require a district court to defer to the government's decision to seek a dismissal of a criminal charge because a denial of the motion would represent an intrusion upon prosecutorial prerogative." *United States v. Gonzalez*, 58 F.3d 459, 462 (9th Cir. 1995). Phrased differently, "the decision to dismiss [a complaint] implicates concerns that the Executive is uniquely suited to evaluate, and a district court should be reluctant to deny its request." *Id.*; *see also United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982) ("The Executive [Branch] remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated. The exercise of its discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest.").

For these reasons, the Government respectfully submits that it is acting in good faith in filing for a motion to dismiss without prejudice. Pursuant to the cases cited above, this Court should recognize the great prosecutorial discretion vested with the Government and grant the Motion to Dismiss the Criminal Complaint as to defendant without prejudice.

        Respectfully submitted,

        DOMINICK S. GERACE II
        United States Attorney

        /s/ *Sheila G. Lafferty*
        SHEILA G. LAFFERTY (0042554)
        Assistant United States Attorney
        303 Marconi Boulevard, Suite 200
        Columbus, Ohio 43215
        Office: (614) 469-5715
        Sheila.lafferty@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system.

        /s/ *Sheila G. Lafferty*
        SHEILA G. LAFFERTY (0042554)
        Assistant United States Attorney